UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BAN S.,

Petitioner,

v.

PAMELA BONDI, Attorney General;
KRISTI NOEM, Secretary of Homeland
Security; TODD M. LYONS, Acting
Director of U.S. Immigration & Customs
Enforcement; MARCOS CHARLES,
Acting Executive Associate Director for
Enforcement and Removal Operations;
PETER BERG, Field Office Director for
Enforcement and Removal Operations;
U.S. IMMIGRATION & CUSTOMS
ENFORCEMENT; U.S. DEPARTMENT
OF HOMELAND SECURITY; ERIC
TOLLEFSON, Kandiyohi County Sheriff,

Respondents.

Case No. 25-CV-4750 (PJS/ECW)

ORDER

---

Nicholas Ratkowski, RATKOWSKI LAW PLLC, for petitioner.

Ana H. Voss and Justin Merak Page, UNITED STATES ATTORNEY'S
OFFICE, for all respondents except Eric Tollefson.

This matter is before the Court on federal respondents' objection to the

January 17, 2026[1] Report and Recommendation ("R&R") of Magistrate Judge Elizabeth

---

[1]The R&R was issued on January 16, but a corrected version was docketed on

(continued...)

Cowan Wright recommending petitioner Ban S.'s petition for a writ of habeas corpus be granted.[2]  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules the objection and adopts the R&R.  The Court agrees with Judge Wright that ICE violated its own regulations—specifically, 8 C.F.R. § 241.13(i)(2)—in detaining Ban because the government has not established changed circumstances that make Ban's removal significantly likely to occur in the foreseeable future.[3]  Because the Court has found that ICE violated § 241.13(i)(2), the Court need not decide whether ICE *also* violated the Constitution or a federal statute, and thus *Zadvydas v. Davis*, 533 U.S. 678 (2001), is irrelevant.

---

[1](...continued)
January 17.

[2]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

[3]Several courts in this District have found the same in similar cases.  *See Garrison G. v. Bondi*, No. 26-CV-0172 (JMB/DJF), 2026 WL 115026 (D. Minn. Jan. 15, 2026); *Faysal N. v. Noem*, No. 25-CV-4641 (JMB/DLM), 2026 WL 36066 (D. Minn. Jan. 6, 2026); *Yee S. v. Bondi*, No. 25-CV-2782 (JMB/DLM), 2025 WL 2879479 (D. Minn. Oct. 9, 2025); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673 (D. Minn. Sept. 3, 2025); *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453 (D. Minn. Aug. 25, 2025).

The government's "jurisdictional argument" that the burden is on the petitioner, not the government, to show changed circumstances under 8 C.F.R. § 241.13(i)(2) is preserved for appeal.  ECF Nos. 10 n. 1; 5 at 8.

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the

R&R [ECF No. 9].  Accordingly, IT IS HEREBY ORDERED THAT:

1.      Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN

        PART.

2.      If petitioner is in Minnesota, respondents must immediately release

        petitioner from custody subject to the conditions of his Order of

        Supervision dated May 30, 2014.  If petitioner is not in Minnesota,

        respondents must first return petitioner to Minnesota and then

        immediately release him from custody subject to the conditions of his

        Order of Supervision dated May 30, 2014.

3.      Petitioner Ban S. be permitted to move separately within 30 days of final

        judgment in this action to recover attorney's fees and costs under the

        Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4.      The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

        LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 26, 2026                    /s/ Patrick J. Schiltz
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court